TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-819 |
| of | : | |
| | : | February 9, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____


The HONORABLE MILTON MARKS, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May a state or local agency contract with a private firm for construction project management services if all or part of such services are to be performed other than under the direction and control of a licensed architect, registered engineer, or licensed general contractor?

CONCLUSION

A state or local agency may not contract with a private firm for construction project management services if all or part of such services are to be performed other than under the direction and control of a licensed architect, registered engineer, or licensed contractor.

ANALYSIS

A district, city, county, or state agency which puts a construction project out to bid will often separately retain a private firm to assist it in such matters as bid evaluation, project design review and evaluation, construction mobilization and supervision, project scheduling, cost-benefit analysis, claims review and negotiation, and general management and administration of the project. These endeavors are commonly referred to as construction project management services.

While all construction project management services may be provided to a public agency by a single firm, more typically the agency will divide the services into separate subprojects, often to allow small business contractors to bid on the subprojects. Alternatively, the prime consultant will associate one or more smaller firms to provide certain components of the required services under guidelines furnished by the state or local agency. (See Gov. Code, §§ 4526, 14838.)[1] For example, in order to promote the utilization of businesses owned by minorities, women, and disabled veterans, the prime consultant might choose such a firm to serve as the scheduling consultant[2] for the project.

The question we must resolve is whether the subconsultant in the circumstances described above, as well as the prime consultant, is required to be duly licensed in order to carry out construction project management services for a state or local agency. We conclude that all construction project management services performed for a state or local agency by a private firm must be under the direction and control of a licensed architect, registered engineer, or licensed general contractor.

Section 4526 sets forth state policy as to the selection of certain professional services by state and local agencies. It reads in pertinent part as follows:

"Notwithstanding any other provisions of law, selection by a state or local agency head for professional services of private architectural, landscape architectural, engineering, environmental, land surveying, or construction project management firms shall be on the basis of demonstrated competence and on the professional qualifications necessary for the satisfactory performance of the services required. In order to implement this method of selection, state agency heads contracting for private architectural, landscape architectural, professional engineering, environmental, land surveying, and construction project management services shall adopt by regulation, and local agency heads contracting for private architectural, landscape architectural, professional engineering, environmental, land surveying, and construction project management services may adopt by ordinance, procedures that assure that these services are engaged on the basis of demonstrated competence and qualifications for the types of services to be performed at fair and reasonable prices to the public agencies. . . ."

As for construction project management services in particular, section 4529.5 provides:

---

[1] All references herein to the Government Code are by section number only.

[2] A scheduling consultant establishes a base-line estimate of time in which a project can be constructed using industry standard means and methods. The base-line schedule is typically updated monthly during construction to reflect the work remaining, taking into consideration contract modifications and attendant time allocations for added (or deleted) work. The net effect of a scheduling event, such as a late delivery of materials, is determined by the scheduling consultant, who may assign responsibility therefor. The scheduling consultant may also analyze the schedule during the construction period and alert the owner to opportunities for shortening the overall project duration by making additional expenditures.

"Any individual or firm proposing to provide construction project management services pursuant to this chapter shall provide evidence that the individual or firm and its personnel carrying out onsite responsibilities have expertise and experience in construction project design review and evaluation, construction mobilization and supervision, bid evaluation, project scheduling, cost-benefit analysis, claims review and evaluation, and general management and administration of a construction project."

"Construction project management" is defined in section 4525, subdivision (e), to mean "those services provided by a licensed architect, registered engineer, or licensed general contractor which meet the requirements of section 4529.5 for management and supervision of work performed on state construction projects."[3]

Given these provisions of the Government Code, certain conclusions may be reached as to licensing requirements which may pertain to consultants retained by a city to perform construction project management services. First, notwithstanding any other provision of law, this statutory scheme (§§ 4525-4529.5) regulates the selection by a state or local agency of a firm to provide construction project management services. (§ 4526.) Second, when a state or local agency wishes to contract with a firm to perform construction project management services, it is required to select from among licensed architects, registered engineers, or licensed general contractors whose services meet the requirements of section 4529.5 for management and supervision of work performed on state and local construction projects. (§ 4525, subd. (e).) Third, those providing construction project management services to a state or local agency must demonstrate expertise and experience in the areas of construction project design review and evaluation, construction mobilization and supervision, bid evaluation, project scheduling, cost-benefit analysis, claims review and negotiation, and general management and administration of a construction project. (§ 4529.5.)

The public policy enunciated in section 4526 is clear: "Notwithstanding any other provision of law, selection by a state or local agency head for professional services of private . . . construction project management firms shall be on the basis of demonstrated competence and of the professional qualifications necessary for the satisfactory performance of the services required." The objectives of construction project management are to ensure that the contractor delivers a quality product, on schedule, within budget, and in conformance with the project documents. A deficiency in any component of construction project management can mean the failure of one more of those objectives. If construction project management services are by definition those services provided by a licensed architect, registered engineer, or licensed general contractor to a state or local agency in connection with construction project design review and evaluation, construction mobilization and supervision, bid evaluation, project scheduling cost-benefit analysis, claims review and negotiation, and

_____

[3]We consider this definition as being applicable to local construction projects as well. Our review of the legislative history of this statutory scheme (§§ 4525-4529.5) reveals that local agencies were added in 1988 (Stats. 1988, ch. 1016), after inclusion of construction project management services in 1987 (Stats. 1987, ch. 698). Since the statutory scheme applies to both state and local agencies, no logical reason exists for the Legislature to set forth a particular definition of construction management services for state construction projects only, while providing no such definition relative to local construction projects. We thus believe that local construction projects are not mentioned in the definition of construction management services only because of an oversight by the Legislature.

general management and administration of a construction project (§ 4525, subd. (e)), then any one of the foregoing activities must also be performed by, or under the direction and control of, a licensed architect, registered engineer, or licensed general contractor.

As previously indicated, a construction project management firm may often utilize the services of a subconsultant for one or more components of construction project management for a state or local government project. When that is the case, the purposes and policies of section 4526 would be undermined if the subconsultant were permitted to carry out that function without being either licensed itself or subject to the direction and control of the licensed prime consultant.[4]

We therefore conclude that a state or local agency may not contract with a private firm for construction project management services if all or part of such services are to be performed other than under the direction and control of a licensed architect, registered engineer, or licensed contractor.

* * * *

---

[4]We have previously determined that a "construction management enterprise" does not require a contractor's or architect's license when the construction manager acts in the capacity of an employee of the owner of the project and receives wages as his sole compensation. (57 Ops.Cal.Atty.Gen. 421 (1974).) This determination was reached primarily on the basis of the Contractors' State License Law (Bus. & Prof. Code, §§ 7000-7189.7) and cases decided thereunder. The Government Code provisions discussed herein concerning construction project management services for state and local agencies were not in effect at the time of our prior opinion. In light of the conclusion reached herein, we need not address the requirements of the Contractors' State License Law. (See Bus. & Prof. Code, §§ 7026, 7026.1.)